FILED by AT D.C.

ELECTRONIC

Jul 21, 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**11-80135-CR-COHN/SELTZER**

CASE NO. _____

18 U.S.C. §§ 1349, 1343, 1346

UNITED STATES OF AMERICA

v.

JAMES E. MURPHY,

        Defendant.

_____/

## CRIMINAL INFORMATION

The United States of America, acting through its attorneys, charges:

1.     JAMES E. MURPHY is hereby made a defendant on the charges stated below.

### INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

2.     Ryan International Airlines ("Ryan") is an entity organized and existing under the laws of the State of Illinois with its principal place of business in Rockford, Illinois. Ryan provides air passenger and cargo services for corporations, private individuals, professional sports teams, and the United States government. During the period covered by this Information, a significant portion of Ryan's business consisted of transporting personnel and cargo for the United States Department of Defense, United States Department of Homeland Security, and United States Marshals Service on domestic and international flights.

3. During the period covered by this Information, Co-Conspirator 1 ("CC-1") was the Vice President of Ground Operations for Ryan. Among CC-1's responsibilities was contracting with providers of goods and services on behalf of Ryan and approving the invoices that were submitted by those providers to Ryan for payment. CC-1 had a fiduciary duty to act honestly and faithfully in all business dealings with Ryan.

4. Co-Conspirator Company A and Co-Conspirator Company B (collectively "Co-Conspirator Companies A/B") were entities organized and existing under the laws of the State of Florida and with their principal places of business in Sunrise, Florida. Co-Conspirator Companies A/B were aviation fuel brokerage companies that purchased fuel from suppliers and sold it to individual airlines. Co-Conspirator Companies A/B were owned by Co-Conspirator 2 ("CC-2"). From October 2005 to August 2008, Co-Conspirator Companies A/B and CC-2 were engaged in the business of selling aviation fuel to Ryan for domestic and international flights.

5. From October 2005 to August 2008, Defendant MURPHY worked as a corporate bookkeeper for Co-Conspirator Companies A/B. Among his duties was making payments from the bank account of Co-Conspirator Companies A/B at the direction of CC-2. Defendant MURPHY reported directly to CC-2.

6.  In August 2008, Defendant MURPHY left his employment at Co-Conspirator Companies A/B and formed Co-Conspirator Company C, an entity organized and existing under the laws of the State of Florida with its principal place of business in Davie, Florida. Co-Conspirator Company C was an aviation fuel brokerage company, and Defendant MURPHY was its owner and operator. In August and September 2008, Defendant MURPHY and Co-Conspirator Company C were engaged in the business of selling aviation fuel to Ryan for domestic and international flights.

7.  Various individuals not made defendants in this Information participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof. Whenever this Information refers to any act, deed, or transaction of any company, it means that the company engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT ONE - CONSPIRACY
### (18 U.S.C. § 1349)

8.  Each and every allegation contained in paragraphs 1-7 of this Information is hereby realleged as if fully set forth in this Count.

### DESCRIPTION OF THE OFFENSE

9.  Beginning at least as early as October 2005 and continuing thereafter at least through September 2008, the exact dates being unknown to the United

3

States, in the Southern District of Florida and elsewhere, Defendant JAMES E. MURPHY, Ryan employee CC-1, Co-Conspirator Companies A/B owner CC-2, and other co-conspirators did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1343 and 1346, in violation of 18, United States Code, Section 1349.

10.   It was a part and an object of the conspiracy that Defendant MURPHY, CC-1, CC-2, and their co-conspirators unlawfully, willfully, and knowingly devised and intended to devise a scheme and artifice to defraud and deprive Ryan of the honest and faithful services of CC-1 by making kickback payments to CC-1 and concealing material information from Ryan, for the purpose of executing such scheme and artifice, and attempting to do so, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signals, and sounds, in violation of Title 18, United States Code, Sections 1343 and 1346.

### THE MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

The scheme and artifice was carried out in the following manner and means, among others:

11.   In or about October 2005, at the request of CC-1, Defendant MURPHY, CC-2, and others known and unknown to the United States, began making kickback payments to CC-1 in exchange for CC-1 awarding business for fuel supply services

to Co-Conspirator Companies A/B. During the course of the scheme, CC-1 solicited and accepted over $88,000.00 in kickback payments for fuel supply services that Co-Conspirator Companies A/B provided to Ryan.

12.  In or about August 2008, at the request of CC-1, Defendant MURPHY began making kickback payments to CC-1 for awarding business for fuel supply services to Co-Conspirator Company C. During the course of the scheme, CC-1 solicited and accepted over $42,000.00 in kickback payments for fuel supply services that Co-Conspirator Company C provided to Ryan.

13.  In his capacity as an employee of Ryan, CC-1 provided favorable treatment to Defendant MURPHY and CC-2, including continuing to award business to Co-Conspirator Companies A/B and Company C in exchange for kickback payments. Defendant MURPHY, CC-1, and CC-2 foresaw or reasonably should have foreseen that Ryan might suffer an economic harm as a result of their breach of CC-1's fiduciary duty to Ryan.

14.  Defendant MURPHY, CC-2, and others known and unknown to the United States took steps to hide, conceal, and cover up their activity and the nature and scope of their dealings with CC-1, including wiring payments to the personal bank account of CC-1 and making secret cash payments.

## OVERT ACTS

In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of Florida and elsewhere:

15. From in or about October 2005 through at least August 2008, Defendant MURPHY issued checks and caused wire transfers totaling more than $88,000.00 to be made from the bank account of Co-Conspirator Companies A/B to CC-1's personal bank account in the Southern District of Florida and elsewhere.

16. From in or about August 2008 through September 2008, Defendant MURPHY issued checks and caused interstate wire transfers totaling more than $42,000.00 to be made from the bank account of Co-Conspirator Company C to CC-1's personal bank account in the Southern District of Florida and elsewhere.

## JURISDICTION AND VENUE

17. The conspiracy charged in Count One of this Criminal Information was formed in part and carried out, in part, in the Southern District of Florida in Broward and Palm Beach Counties within the five years preceding the filing of this Criminal Information.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO - WIRE FRAUD
(18 U.S.C. §§ 1343, 1346)

The United States of America further charges:

18. Each and every allegation contained in Paragraphs 1-17 of this Information is hereby realleged as if fully set forth in this Count.

19. Beginning at least as early as October 2005 and continuing thereafter at least through September 2008, the exact dates being unknown to the United States, in the Southern District of Florida and elsewhere, Defendant

JAMES E. MURPHY,

CC-1, CC-2, and others unlawfully, willfully, and knowingly devised and intended to devise a scheme and artifice to defraud and deprive Ryan of the honest and faithful services of CC-1 by making kickback payments to CC-1 and concealing material information from Ryan, and for the purpose of executing such scheme and artifice to defraud and deprive, and attempting to do so, did transmit and cause to be transmitted by means of wire communication in interstate commerce, the following writings, signals, and sounds:

20. On or about September 2, 2008, in the Southern District of Florida and elsewhere, Defendant MURPHY caused a wire transfer (#2008090200393473) in the amount of $7,500.00 to be made from Co-Conspirator Company C's bank account in Davie, Florida to CC-1's personal bank account in Loves Park, Illinois.

## JURISDICTION AND VENUE

21. The offense charged in Count Two of this Criminal Information was formed in part and carried out, in part, in the Southern District of Florida in

Broward and Palm Beach Counties within the five years preceding the filing of this Criminal Information.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

Date: 7/21/2011

_____
Christine A. Varney
Assistant Attorney General
Antitrust Division

_____
Nezida S. Davis
Chief, Atlanta Field Office
Antitrust Division

_____
Scott D. Hammond
Deputy Assistant Attorney General for Criminal Enforcement

_____
Brooks Mackintosh, Trial Attorney
Georgia Bar #464115
James J. Kurosad, Assistant Chief
Florida Bar #0794041
Atlanta Field Office
Antitrust Division
U.S. Department of Justice
75 Spring Street, S.W., Suite 1176
Atlanta, GA 30303
Tel: (404) 331-7100
Fax: (404) 331-7110
Brooks.Mackintosh@usdoj.gov

_____
John F. Terzaken
Director of Criminal Enforcement

Nancy McMillen
Shane Cralle
Richard A. Hellings, Jr.
Trial Attorneys
National Criminal Enforcement Section
Antitrust Division
U.S. Department of Justice
450 Fifth Street, N.W., Suite 11110
Washington, DC 20530
Tel: (202) 307-5777

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| JAMES E. MURPHY, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendant.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

```
___ Miami      ___ Key West
___ FTL    X   WPB        ___ FTP
```

New Defendant(s)          Yes ___    No ___
Number of New Defendants  ___
Total number of counts    _2_

I do hereby certify that:

1. I have carefully considered the allegations of the Information, the number of defendants, the number of probable witnesses and the legal complexities of the Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)     _NO_
   List language and/or dialect    _____

4. This case will take    _0_    day for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I    0 to 5 days       _X_            Petty      ___
   II   6 to 10 days      ___            Minor      ___
   III  11 to 20 days     ___            Misdem.    ___
   IV   21 to 60 days     ___            Felony     _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)    _NO_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    _NO_
   If yes:
   Magistrate Case No.                  _____
   Related Miscellaneous numbers:       _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No)    _NO_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ___ Yes   _X_ No

_____
BROOKS MACKINTOSH
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION
Georgia Bar No. 464115/Court No. A5501638

*Penalty Sheet(s) attached                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: <u>JAMES E. MURPHY</u>

Case No: _____

Count#: 1

<u>Conspiracy to Commit Wire Fraud</u>

<u>in violation of 18 U.S.C. §1349</u>

*Max. Penalty: Thirty (30) years' imprisonment, five (5) years' supervised release, $1,000,000 fine

Count #: 2

<u>Wire Fraud</u>

<u>in violation of 18 U.S.C. §§1343, 1346</u>

*Max. Penalty: Thirty (30) years' imprisonment, five (5) years' supervised release, $1,000,000 fine

Count #:

_____

_____

*Max. Penalty:

Count #:

_____

_____

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| JAMES E. MURPHY | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**TODD A. ONORE**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*